IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BEBAY THI LUU,<br><br>Petitioner,<br><br>vs.<br><br>U.S. DEPARTMENT OF JUSTICE DRUG ENFORCEMENT ADMINISTRATION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON THE GOVERNMENT'S MOTION TO DISMISS PETITION OF BEBAY THI LUU AND PETITIONER'S MOTION TO DISMISS FORFEITURE ACTION AND RETURN SEIZED PROPERTY<br><br><br>Case No. 2:11-MC-653 TS |

This matter is before the Court on (1) the Government's Motion to Dismiss Petition of BeBay Thi Luu; (2) Petitioner's Motion for Return of Property; and (3) Petitioner's First Motion to Dismiss Forfeiture Action. As set forth more fully below, the Court will grant the Government's Motion and deny Petitioner's Motion for Return of Property. The Court will further deny Petitioner's Motion to Dismiss as moot.

## I.  BACKGROUND

On September 16, 2010, Petitioner was stopped by the Utah Highway Patrol while traveling near Richfield, Utah.  A search of the vehicle revealed cash totaling $366,210.  The cash was seized in connection with a drug distribution case investigated by the DEA and prosecuted by the United States Attorney's Office in the Western District of Washington.  A forfeiture proceeding has since been initiated.  Petitioner seeks to have the money returned to her.

On July 13, 2011, Petitioner filed a Motion for Return of Property in this Court.  On December 21, 2011, the Government filed a Motion to Dismiss the Petition of BeBay Thi Luu for lack of subject matter jurisdiction.  On February 13, 2012, Petitioner filed her First Motion to Dismiss Forfeiture Action.

## II.  DISCUSSION

In its Motion to Dismiss, the Government contends that Petitioner has failed to send notice to the DEA's forfeiture counsel that the forfeiture proceeding was disputed in this matter, which is an essential step when contesting a DEA forfeiture proceeding.

In response, Petitioner claims that she did file a claim with Vicki Rasheed, forfeiture counsel for the DEA, via a letter written May 20, 2011 by Petitioner's counsel.  Petitioner provides a copy of the letter along with a postal service return receipt showing the letter as delivered on May 25, 2011.  The letter states:

> Please be advised of my representation of the above individual with regards to an incident on September 16, 2010 whereby $390,000 was taken from my client.  No action has been taken in this matter.  I am attempting to locate her funds as no

information is available to her.  Kindly contact me upon receipt of this letter so that we may discuss.[1]

The DEA responded to Petitioner's claim with a letter dated June 9, 2011, which stated that "without a DEA asset identifier number or case number, it is impossible to match your correspondence with an asset seizure file.  Therefore, your correspondence is being returned."[2]

The next day the DEA sent Petitioner a Notice of Seizure.  In that notice, Petitioner was informed that she could contest the forfeiture proceeding in a United States District Court, but to do so, she was required to file a claim with DEA forfeiture counsel by July 15, 2011.[3]  The notice further stated that any claim filed is required to "identify the specific property being claimed; state the claimant's interest in such property; and be made under oath, subject to penalty of perjury."[4]  The notice also states that failure to comply with the procedures for contesting a forfeiture "will result in termination of your interest in the asset, and may preclude your contesting the forfeiture of the asset in any judicial proceeding."[5]

Petitioner argues that the May 20th letter was sufficient to satisfy the requirement that a claim be filed with DEA forfeiture counsel, because, Petitioner contends, there cannot have been

---

[1]Docket No. 12 Ex. C, at 3.

[2]*Id.* at 2.

[3]This statement is based on the language of 18 U.S.C. § 983(a)(2)(A), which states that "any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure."  Subsection (a)(2)(B) states that the claim cannot be filed later than the deadline set forth in the notice of forfeiture.

[4]*Id.* Ex. A.  This language comes directly from 18 U.S.C. § 938 (a)(2)(C).

[5]*Id.*

many assets seized from a person named BeBay Thi Luu in the database, such that her asset file must have been easy to locate.  Regardless of whether this is the case, the Court would note that the letter sent from Petitioner to Mrs. Rasheed did not actually state that the forfeiture proceeding was contested.  Furthermore, while Petitioner's letter does identify the property and imply that it belongs to Petitioner, the declaration is not made under oath.  Rather, the letter simply states that money was taken from Petitioner and Petitioner's counsel is trying to locate it.  The Court therefore agrees with the Government that Petitioner has failed to comply with the requirements for contesting the forfeiture proceeding.  Because complying with those procedures is necessary in order to be heard in a United States District Court, this Court has no jurisdiction over Petitioner's claim.  The Court will therefore dismiss Ms. Luu's Petition.

In light of the foregoing, the Petitioner's Motion to Dismiss Forfeiture Action is moot and will therefore be denied.

### III.  CONCLUSION

It is therefore

ORDERED that the Government's Motion to Dismiss Petition of BeBay Thi Luu (Docket No. 7) is GRANTED.  It is further

ORDERED that Petitioner's Motion for Return of Property (Docket No. 1) is DENIED FOR LACK OF SUBJECT MATTER JURISDICTION.  It is further

ORDERED that Petitioner's First Motion to Dismiss Forfeiture Action (Docket No. 13) is DENIED AS MOOT.  The Clerk of the Court is instructed to close this case forthwith.

DATED   April 20, 2012.

                                            BY THE COURT:

                                            _____

                                            TED STEWART
                                            United States District Judge